IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 22-CV-01971

CARA FUNK

                              Plaintiff,

v.

JUG AND BASIN ANTIQUES, LLC

                              Defendant.

_____

## COMPLAINT
_____

Plaintiff Cara Funk ("Plaintiff" or "Ms. Funk"), by and through her attorney, as and for her complaint against Defendant Jug and Basin Antiques, LLC ("Defendant"), alleges as follows:

### I. CLAIM

1. Ms. Funk, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Ms. Funk and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves Jug & Basin. At the Colorado Springs location, there is no ADA-compliant van-accessible space on the shortest access route to the main entrance. There is no disabled parking.

Based on these facts, Defendant has denied Ms. Funk the ability to enjoy the

goods, services, facilities, privileges, advantages, and accommodations at Jug & Basin.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Colorado Springs, Colorado, where the Jug & Basin business is located.

## III. PARTIES

5. Plaintiff Cara Funk is a resident of Denver, Colorado. Ms. Funk has a disability and mobility impairments, as established by the Federal government and the Social Security Administration. Ms. Funk has a disabled placard on her vehicle from the State of Colorado. Ms. Funk has significant mobility impairments and uses assistive devices for mobility. She is a "qualified individual with a disability" within the meaning of ADA Title III.

6. Defendant Jug and Basin Antiques, LLC owns, manages, controls, and leases the improvements and building where the Jug & Basin is situated. The address of Jug & Basin is 1420 W. Colorado Avenue, Colorado Springs, CO 80904. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7. Defendant Jug and Basin Antiques, LLC is the owner of the property. Defendant is a domestic limited liability company whose headquarters is 1420 W.

Colorado Avenue, Colorado Springs, CO 80904. Defendant can be served process via service to its Registered Agent: Darlene Janette Roina at 1420 W. Colorado Avenue, Colorado Springs, CO 80904.

## IV. FACTUAL BACKGROUND

8. Jug & Basin is a business establishment and place of public accommodation in Colorado Springs, Colorado. Jug & Basin is situated on real estate, property, and improvements owned, controlled, managed, and leased out by Jug and Basin Antiques, LLC.

9. Jug & Basin is not accessible to disabled individuals because it has zero ADA-compliant van-accessible parking spaces near the main entrance. At the Colorado Springs location, there is no ADA-compliant van-accessible space (96" space with 96" side access aisle) on the shortest access route to the main entrance. There is no disabled parking.

10. Pictures taken at the location prove this:

3



Jug & Basin business in Colorado Springs, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



Jug & Basin business in Colorado Springs, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.

4



Jug & Basin business in Colorado Springs, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.

11. The Plaintiff went to Jug & Basin property in October of 2021.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to Jug & Basin. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because she is not able to safely remove her mobility assistance devices without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in her area.

13. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this

5

location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14. The Defendant's Colorado Springs location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have <u>one</u> ADA-compliant van-accessible space (96" Wide with 96" Side Access Aisle) with a sign. This space must be located on the shortest accessible route to the main entrance of the business. *See* pictures above**.**

15. At the Colorado Springs location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

16. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years. This is a blatant violation of the ADA.

### V. CLAIM FOR RELIEF - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17. Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

6

      a.     A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant van-accessible space (96" Wide with 96" Side Access Aisle) near the business entrance.

20.    Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA. At the Colorado Springs location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There

is no disabled parking on the property whatsoever.

## VI. RELIEF REQUESTED

<u>Injunctive Relief</u>

21.	Ms. Funk will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so she and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

<u>Declaratory Relief</u>

22.	Ms. Funk is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23.	The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

<u>Attorney's Fees and Costs</u>

24.	Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

8

## VII.  PRAYER FOR RELIEF

THEREFORE, Ms. Funk respectfully requests this Court award the following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Ms. Funk and those similarly situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Ms. Funk is the prevailing party in this action, and order Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: August 5, 2022          Respectfully,

By:     /s/ R. Bruce Tharpe
R. Bruce Tharpe

**LAW OFFICE OF
R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5111 (Tel)
Email: rbtharpe@aol.com
Questions@BruceTharpeLaw.com
Admitted in Colorado

ATTORNEY OF RECORD FOR
PLAINTIFF CARA FUNK